
# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 99-3562

| | |
|---|---|
| Marion R. Stafne, | \* |
| | \* |
| Appellant, | \* |
| | \* Appeal from the United States |
| v. | \* District Court for the District |
| | \* of Minnesota. |
| Unicare Homes, d/b/a | \* |
| Trevilla of New Brighton, Inc., | \* |
| | \* |
| Appellee. | \* |
| ---------------------------------------- | \* |
| | \* |
| Equal Employment Opportunity | \* |
| Commission, | \* |
| | \* |
| Amicus on Behalf of Appellant. | \* |

Submitted: November 17, 2000

Filed: October 1, 2001

Before LOKEN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Trevilla of New Brighton, Inc., fired Marion Stafne after she developed rheumatoid arthritis, a condition that greatly limited her ability to walk and perform the

We also hold that the record in this case could not in any event have supported a finding that Trevilla failed to engage in an interactive process with her. The proof showed that Ms. Stafne and Trevilla had numerous discussions concerning her proposed use of an Amigo for work. In particular, Trevilla met with Ms. Stafne and her vocational rehabilitation counselor to investigate whether an Amigo could be used in Trevilla's dining room area. It does not seem to us, therefore, that there is sufficient evidence in this case to find that Trevilla did not act in good faith in attempting to provide Ms. Stafne with a reasonable accommodation. *See Treanor v. MCI Telecomm. Corp.*, 200 F.3d 570, 575 (8th Cir. 2000).

Ms. Stafne also maintains that the district court erred when it instructed the jury that she had the burden to prove that her disability did not make her a direct threat to anyone's safety at her work. She argues that the district court misallocated the burden because the issue of direct threat was an affirmative defense raised by Trevilla; thus, the argument runs, Trevilla should have been the party obligated to prove that she was a danger to others. We need not address this argument, however, because, as we have explained, Ms. Stafne's failure to present a submissible case renders harmless any errors in the jury instructions.

II.

To prove her retaliation claim, Ms. Stafne had to establish that she engaged in a statutorily protected activity, that her employer took an adverse action against her, and that there was a causal link between the two. *See Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999). Ms. Stafne contended below that Trevilla fired her because she filed a charge with the EEOC complaining about Trevilla's unwillingness to allow her to use an Amigo.

With regard to her retaliation claim, Ms. Stafne argues that the district court should have allowed the jury to hear a message that her supervisor left on her answering machine on the day that she was terminated, a message that stated, in part,

-5-