# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 06-1583

| | |
|---|---|
| Equal Employment Opportunity Commission, | * * * |
| Appellant, | * * |
| v. | * Appeal from the United States * District Court for the * Western District of Missouri. |
| Wal-Mart Stores, Inc., | * * |
| Appellee. | * |

Submitted: November 16, 2006
Filed: February 13, 2007

Before RILEY, HANSEN, and SMITH, Circuit Judges.

SMITH, Circuit Judge.

　　The Equal Employment Opportunity Commission (EEOC) brought this action against Wal-Mart Stores, Inc. ("Wal-Mart"), alleging that Wal-Mart violated the Americans with Disabilities Act (ADA). The EEOC contends that Wal-Mart improperly refused to hire Steven Bradley because of mobility limitations caused by cerebral palsy. The district court granted Wal-Mart's motion for summary judgment, concluding that (1) Bradley's impairment rendered him unqualified for the positions of greeter and cashier and that (2) insufficient evidence existed from which a reasonable factfinder could conclude that Wal-Mart's reasons for not hiring Bradley were pretextual. We hold that material facts remain in dispute and therefore reverse.

Because the EEOC provided sufficient evidence that Wal-Mart's stated reasons for not hiring Bradley were pretextual, we hold that the district court erred in granting summary judgment to Wal-Mart on the EEOC's discrimination claim.

### C. *Direct Threat*

Wal-Mart argues that the "direct threat" affirmative defense provides this court with an alternative basis for upholding the district court's grant of summary judgment in its favor.

"[S]ummary judgment would still be appropriate under the ADA if [Bradley] posed 'a direct threat to the health or safety of other individuals in the workplace.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999) (quoting 42 U.S.C. § 12113(b)). A "direct threat" is defined as "a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation." 42 U.S.C. § 12111(3); *see also* 29 C.F.R. § 1630.2(r).

The Supreme Court requires an individualized direct threat analysis that relies on the "best current medical or other objective evidence" in order to "protect disabled individuals from discrimination based on prejudice, stereotypes, or unfounded fear." *Nunes*, 164 F.3d at 1248 (citing *Bragdon v. Abbott*, 524 U.S. 624 (1998); *Sch. Bd. of Nassau County, Fla. v. Arline*, 480 U.S. 273 (1987)). "Specific factors to be considered include (1) the duration of risk, (2) the nature and severity of the potential harm, (3) the likelihood that the potential harm will occur, and (4) the imminence of the potential harm." *Id.*

Although we have previously declined to resolve which party bears the burden of proving direct threat, *Stafne v. Unicare Homes*, 266 F.3d 771, 775 (8th Cir. 2001), we now hold that the employer bears the burden of proof, as the direct threat defense is an affirmative defense. *See Nunes*, 164 F.3d at 1247; *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 220 (2d Cir. 2001) ("The legislative history of the