Tim A. SHEA v. Pat M. RILEY, Sr.

CA 97-496 ___ S.W.2d ___

Court of Appeals of Arkansas
Division IV
Opinion delivered November 19, 1997

1. **Appeal & error -- review of chancery cases -- when reversed.** -- In a chancery case, the standard of review is de novo, and the appellate court will not reverse unless the decision is clearly against the preponderance of the evidence.

2. **Contracts -- "meeting of minds" discussed -- term no longer favored in law.** -- "Meeting of the minds" is an objective manifestation of mutual assent for the formation of a contract; the phrase "meeting of the minds" is disfavored; in more modern terminology, the phrase means "objective indicators of agreement."

3. **Contracts -- transaction never constituted binding contract -- trial court's finding affirmed.** -- Where the evidence, in the form of appellant's testimony as to his understanding of the agreement and appellee's language in his correspondence, supported the trial court's finding that the alleged transaction lacked the requisite objective indicators of agreement to form a contract, no contract between the parties ever existed; the

SHEA v. RILEY Page
Cite as 59 Ark. App. ___ (1997)
preponderance of the evidence. <u>Belue v. Belue</u>, 38 Ark. App. 81, 828 S.W.2d 855 (1992).

Appellee quotes the trial court's remarks at the conclusion of the hearing: "There was not a meeting of the minds as to all critical terms of the contract." Appellee uses this language to argue that the parties never reached the agreement necessary to constitute a binding contract. From the evidence adduced at the hearing, we agree with the substance of the chancellor's finding but not his choice of metaphor, and therefore affirm.

"Meeting of the minds" is described as "objective manifestations of mutual assent for the formation of a contract." <u>Thurman v. Thurman</u>, 50 Ark. App. 93, 97, 900 S.W.2d 221, 223 (1995) (citing <u>Dziga v. Muradian Business Brokers, Inc.</u>, 28 Ark. App. 241, 773 S.W.2d 106 (1989)).

The phrase "meeting of the minds" is disfavored.

> As Professor Farnsworth points out, "Discussions of this topic would be improved if this much abused metaphor ['meeting of the minds'] were abandoned. [Citation omitted]. Although this court used the metaphor as late as last year, we were careful to point out that we meant, in more modern terminology, "objective indicator[s] of agreement." <u>Fort Smith Service Fin. Corp. v. Parrish</u>, 302 Ark. 299, 789 S.W.2d 723 (1990).

<u>Crain Industries, Inc. v. Cass</u>, 305 Ark. 566, 576, 810 S.W.2d 910, 916 (1991). However, the evidence, in the form of appellant's testimony as to his understanding of the agreement