IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

HARRISON DIVISION

DAVID STEBBINS                                                           PLAINTIFF

vs.                                       Civ. No 10-3123

WAL-MART STORES, INC.                                          DEFENDANTS

## AMENDED COMPLAINT

Comes now Plaintiff David Stebbins, who submits the following amended complaint, in accordance with the order issued on the 16th day of December, 2010.

First, allow me to point out that, per Local Rule 5.5(e), as a pro se litigant, I am exempt from having to attach a brand new copy of the complaint, as amended. Instead, I may simply state the amendment I wish to make, and the court should infer the rest. That is exactly what I will do.

The order issued on the 16th day of December, 2010 ordered me to state the grounds for federal jurisdiction. I hereby state the following grounds for federal courts having jurisdiction to hear the case:

**There are transactions involving commerce.**

As you can see from the amount I am asking you to confirm, there is simply no chance that the defendants can pay the award with resources located within the state of Arkansas. In fact, if they are to stay in business, at all, they will probably have to seek a federal bail-out. **The means of paying this arbitration award will affect commerce.**

Even if that is not the case, the arbitration agreement, itself, affects commerce. **The arbitration firm I am using is an Internet-based one, and is headquartered in Atlanta, GA. If you go to that website, you will see that the website is owned by net-ARB, Inc. If you look at the Georgia Business Directory (which you may look up for free, on the Internet), you will find that net-ARB, Inc. is owned by Marty Lavine, who lives in Atlanta, GA.**

Therefore, because the arbitration hearing would have affected commerce, had the arbitration

invitation not been refused in violation of the forfeit victory clause, then the arbitration agreement affects commerce, which, in turn, gives the United States District Courts jurisdiction to hear this dispute.

I also submit the following claim in support of the federal courts having jurisdiction:

**The equivalent litigation would have been subject to federal jurisdiction.**

As you can see from my enclosed evidence, I was suing for employment discrimination. This is actually the exact same legal dispute as I was going to argue in case #10-3090, except that the arbitration agreement trumps the litigation in that case. As a side note, this means that case #10-3123 should be merged with case #10-3090.

Therefore, affect on commerce or no affect on commerce, because the equivalent litigation is otherwise subject to the jurisdiction of the United States District Court for the Western District of Arkansas, then the confirmation of this arbitration award is also subject to the jurisdiction of the United States District Court for the Western District of Arkansas.

Wherefore, I respectfully pray that you accept jurisdiction to hear this dispute, proceed to have the Marshal serve the defendants, as was previously requested, and allow this case to proceed, otherwise uninterrupted.

Sincerely,

David Stebbins